**PITTSBURGH LOGISTICS SYSTEMS, INCORPORATED, Plaintiff—Appellant,**

v.

**WHEELING–NISSHIN, INCORPORATED, Defendant—Appellee.**

No. 04–2516.

United States Court of Appeals, Fourth Circuit.

Argued May 25, 2005.

Decided June 30, 2005.

less, whether the statement was made under oath is inapposite; both phrases specify an untrue utterance.

ARGUED: Johnson Wayne Gabhart, Thaxton & Johnstone, L.L.P., Charleston, West Virginia, for Appellant. Ellen Lindsay Maxwell–Hoffman, Anthony Paul Tokarz, Bowles, Rice, McDavid, Graff & Love, P.L.L.C., Charleston, West Virginia, for Appellee. ON BRIEF: Charles M. Johnstone, II, Thaxton & Johnstone, L.L.P., Charleston, West Virginia, for Appellant.

Before WILLIAMS, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM.

In 2002 Pittsburgh Logistics Systems, Inc. (Pittsburgh Logistics) submitted a proposal to Wheeling–Nisshin, Inc. (Wheeling–Nisshin) to manage Wheeling–Nisshin's product transportation logistics. Wheeling–Nisshin rejected the proposal, and Pittsburgh Logistics claims that Wheeling–Nisshin misappropriated trade secrets and proprietary information contained in the proposal. Pittsburgh–Logistics sued Wheeling–Nisshin, contending among other things that Wheeling–Nisshin violated the West Virginia Uniform Trade Secrets Act, W. Va.Code Ann. §§ 47–22–1 to 10. The district court granted summary judgment to Wheeling–Nisshin, holding that Pittsburgh Logistic's proposal did not contain any information that was a trade secret under the West Virginia Act. Pittsburgh Logistics appeals. After considering the briefs, the joint appendix, and the arguments of counsel, we find no error. Accordingly, we affirm on the reasoning of the district court. *See Pittsburgh Logistics Systems, Inc. v. Wheeling–Nisshin,* *Inc.,* civ. action no. 5:04CV85 (N.D.W.Va. Nov. 4, 2004).

*AFFIRMED*